UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 99-4721

CELSO RAMIREZ-ANZUA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-225)

Submitted: November 30, 2000

Decided: February 6, 2001

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles L. Morgan, Jr., Charlotte, North Carolina, for Appellant. Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Celso Ramirez-Anzua seeks to appeal his conviction for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C.A. § 846 (West 1999). Ramirez-Anzua's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal. Advised of his right to file a pro se supplemental brief, Ramirez-Anzua has not done so.

Ramirez-Anzua signed a written plea agreement in which he agreed to waive his right to appeal his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. A waiver of appeal provision in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forgo an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver is ineffective if the district court fails to question the defendant about it, *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary, *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). We review de novo the validity of a waiver. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Here, Ramirez-Anzua signed the plea agreement containing the waiver provision. The Government summarized the plea agreement at the Fed. R. Crim. P. 11 hearing. An interpreter was present at the hearing to translate the proceeding into Spanish, Ramirez-Anzua's native language. In response to the magistrate judge's inquiry, Ramirez-Anzua agreed that the right to appeal the conviction and sentence was expressly waived in the plea agreement. He said that he was happy with the services of his counsel and that he had heard and understood the Rule 11 proceeding. On this record, we conclude that Ramirez-Anzua's waiver was knowingly and intelligently made. As the only claims counsel asserts in his brief involve sentencing, they are barred by Ramirez-Anzua's valid waiver of his appeal rights and we dismiss the appeal on that basis. *United States v. Brown*, No. 99-4599, 2000 WL 1713895, at *3 (4th Cir. Nov. 16, 2000).

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. We therefore dismiss the appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*DISMISSED*